IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JARRETT M. JAMES,

                                                                     OPINION AND ORDER

                  Petitioner,

                                                                     20-cv-164-bbc

     v.

MATTHEW MARSKE,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Federal prisoner Jarrett M. James received a sentence of 42 years of incarceration after a jury found him guilty of two counts of armed bank robbery, 18 U.S.C. § 2113(a), and two counts of brandishing a firearm during the robberies, id. § 924(c). He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking reduction of his sentence under the First Step Act of 2018. Because petitioner is not entitled to relief under § 2241, his petition must be denied.

BACKGROUND

      In December 2007, petitioner Jarrett James was charged with two counts of armed bank robbery, two counts of brandishing a firearm during the robberies, one count of possession of cocaine base with intent to distribute and one count of possession of a firearm in furtherance of a drug crime. Petitioner went to trial in June 2008, and was found guilty of four counts related to the bank robberies. He was sentenced to a total of 42 years in prison. He received concurrent terms of 120 months on the bank robbery charges. (The

1

guideline range for these charges at the time was 120–150 months.) He received an additional consecutive sentence of seven years (the mandatory minimum) under 18 U.S.C. § 924(c)(A)(1)(ii) for brandishing a firearm in connection with the first bank robbery and another consecutive sentence of 25 years (the mandatory minimum) under § 924(c)(1)(C) for brandishing a firearm in connection with the second bank robbery. The court of appeals affirmed petitioner's conviction on direct appeal, rejecting evidentiary challenges. United States v. James, 571 F.3d 707 (7th Cir. 2009). Petitioner then filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which was denied. Petitioner now seeks habeas relief under 28 U.S.C. § 2241.

OPINION

Petitioner contends that he is entitled to a reduction of his sentence under the First Step Act of 2018, which modified some of the sentencing requirements for multiple violations of 18 U.S.C. § 924(c) and expanded the role of courts in sentence modification. First Step Act of 2018, Pub. L. No. 115-391, §§ 403, 603(b), 132 Stat. 5194, 5221-22, 5239 (2018). Petitioner was convicted of two counts of violations of § 924(c), which prohibits the use of a firearm during a crime of violence. At the time petitioner was convicted and sentenced in 2008, a sentence for second or subsequent violations of § 924(c) had to be imposed consecutively, or "stacked." 18 U.S.C. § 924(c)(1)(C) (2008). Section 403 of the First Step Act modified this provision so that stacking applies only if a defendant's conviction for a first violation of § 924(c) was final at the time of the second

conviction. 18 U.S.C. § 924(c)(1)(C) (2019); First Step Act § 403(a), 132 Stat. at 5221-22; see also United States v. Jones, No. 19 C 1947, 2020 WL 2526478, at *9 (N.D. Ill. May 18, 2020) (explaining sentencing under 18 U.S.C. § 924(c) before and after First Step Act amendments). Petitioner contends that if he were convicted and sentenced today, his sentences for the two § 924(c) violations would not have to run consecutively.

Before considering the merits of petitioner's argument, it is necessary to determine whether petitioner may proceed under 28 U.S.C. § 2241. Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district in which he was convicted. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). Under certain circumstances, however, a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). A petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must: (1) be relying on a new case of statutory interpretation, rather than on a constitutional case; (2) show that the new rule applies retroactively on collateral review and could not have been invoked in an earlier § 2255 petition; and (3) show that the error is "grave enough to be deemed a miscarriage of justice." Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016); Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998).

Petitioner's First Step Act argument does not satisfy the first or second requirements for bringing a petition under § 2241. He has not identified any new case of statutory

3

interpretation. Instead, he is relying on an act of Congress. In addition, § 403 of the First Step Act, on which petitioner relies, does not apply retroactively. Section 403 states that the modification to the stacking requirement applies to offenses "committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act § 403(b), 132 Stat. at 5222. See also United States v. Pearson, No. 15-20457, 2020 WL 134130, at *3 (E.D. Mich. Jan. 13, 2020) (collecting cases concluding that § 403 does not apply if defendant was sentenced prior to enactment of First Step Act). The Act was enacted on December 21, 2018, and petitioner was convicted and sentenced in 2008. Therefore, petitioner cannot proceed under § 2241 to gain relief under § 403 of the First Step Act.

Some courts have considered motions brought under § 603(b) of the First Step Act to modify "stacked" sentences that were imposed under the previous version of § 924(c). See, e.g., United States v. Brown, No. 05 CR 227, 2020 WL 2091802, at *8 (S.D. Iowa Apr. 29, 2020) (listing cases). Section 603(b) of the Act amended 18 U.S.C. § 3582(c)(1)(A) and permits a court to modify a sentence upon a direct motion by the defendant for "extraordinary and compelling reasons." Before filing a motion under § 3582(c)(1)(A), a defendant must fully exhaust his administrative remedies through the Bureau of Prisons. I note that petitioner has filed a § 3582(c)(1)(A) motion in his criminal case that is currently being reviewed by the Federal Defender's office. Dkt. #141 in 07-cr-163-bbc. I express no opinion at this time about the merits of that motion.

The final question to be resolved is whether to grant petitioner a certificate of

appealability. Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). No reasonable jurist would conclude that petitioner is entitled to habeas relief under § 2241, so no certificate will issue.

ORDER

IT IS ORDERED that

1. Petitioner Jarrett M. James's petition for a writ of certiorari under 28 U.S.C. § 2241 is DENIED.

2. Petitioner is DENIED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 28th day of May 2020.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge